*1277 Garni, J. (dissenting).
I respectfully disagree with the conclusion of my colleagues that the introduction of evidence concerning defendant’s lack of a driver’s license on the date of the accident does not require reversal. I therefore dissent.
It is well settled that “a driver’s license relates only to the authority for operation [of a vehicle] and not to the manner thereof, and the absence of a license is not even presumptive evidence of negligence” (Hanley v Albano, 20 AD2d 644, 645 [1964]). Here, when plaintiff’s attorney attempted to cross-examine Anita L. Rodriguez, formerly known as Anita L. Rosario (defendant), using a Department of Motor Vehicles (DMV) driving abstract (hereafter, DMV abstract), defendants’ attorney objected on the ground that the lack of a driver’s license was “immaterial to the happening of [the] motor vehicle accident” and “never admissible in court to establish fault.” In overruling defendants’ objection, Supreme Court stated, in the presence of the jury, “No, I disagree with you. Might the [jurors] . . . infer something from the fact that [defendant] is an unlicensed driver? They may.” Although the court attempted to clarify its ruling on the admission in evidence of the DMV abstract, it compounded the error by stating, again in the presence of the jury, “My ruling is not that she — because she’s unlicensed, that it had anything to do with the accident, so you can certainly ask her if it turns out that she is unlicensed, you can certainly ask her about whether or not the operation of the vehicle, her operation as an unlicensed driver had anything to do with the accidents ] I’m not precluding you from doing that. But I think it might be relevant to the jury that she was unlicensed.”
Although there is authority for the proposition that proof of the lack of a driver’s license may be admitted on the issue of credibility (see Martin v Alabama 84 Truck Rental, 47 NY2d 721 [1979]), the court must limit the jury’s consideration of such evidence “solely on the issue of credibility” (id. at 722). That did not occur in this case. Indeed, the court’s discussion of its ruling placed further improper emphasis upon the ability of the jury to consider defendant’s lack of a license in connection with her operation of the vehicle.
In addition, the court later permitted plaintiffs expert accident reconstructionist to testify, over defendants’ objection, that, upon learning that defendant did not possess a driver’s license, he reached the additional conclusion “that [the] collision [was] consistent with driver inexperience.” Subsequently during a conference with the court, the attorney for defendants further protested the jury’s ability to consider the lack of a *1278 license in connection with the issue of negligence, and the court stated, “I don’t think so. It kind of emphasizes the point I made, that [the jurors] could consider in evidence the fact that she didn’t have a license but it would some way have to be based on operation of the vehicle. [The] conclusion [of plaintiffs expert accident reconstructionist] was that it shows that she had no experience when she — or—not say no experience, a lack of experience when she attempted to get across the lanes of Elmwood Avenue. Can they consider that? I think so. I think so. Is that determinative? No. But what you have to do is you have to put it all together and say — conclude whether or not she was negligent in the operation of her vehicle.” The court further stated that the jury could “consider the fact that [defendant] had no license” and that the jury “should know[ ] though that[,] as a matter of law[,] the fact that [an individual does not] have a license might have very, very little to do with the operation of [his or her] vehicle.” To the contrary, however, the fact that one does not possess a license has absolutely nothing to do with the issue of negligence in the operation of a vehicle — as a matter of law (see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 27 [2008], lv denied 11 NY3d 705 [2008]).
Further, the court charged the jury that defendant’s lack of a driver’s license “would not necessarily make her negligent unless [it] find[s] that her operation of the motor vehicle in question was performed by her in a negligent manner” (emphasis added). That is not a correct statement of the law, and it improperly and prejudicially instructed the jury that the lack of a license could be considered on the issue of negligence. I disagree with my colleagues that defendants’ challenge to the charge was not preserved for our review. Such a challenge will be preserved if an objection is interposed to the ruling of the court on the same subject during the course of the trial (see Elenkreig v Siebrecht, 238 NY 254, 263 [1924]; Williams v City of New York, 101 AD2d 835, 836 [1984]). Here, defendants objected on multiple occasions during the course of the trial with respect to evidence concerning defendant’s lack of a license and moved for a mistrial on that issue, thereby preserving their challenge to the charge for our review.
I would therefore reverse the judgment, grant defendants’ post-trial motion to set aside the verdict and grant a new trial on liability. Present — Scudder, PJ., Peradotto, Garni, Gorski and Martoche, JJ.